IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE CELLULAR DEVICE ASSIGNED CALL NUMBER **(850) 387-6555,** WITH INTERNATIONAL MOBILE SUBSCRIBER IDENTITY / ELECTRONIC SERIAL NUMBER 310280057713926, THAT IS STORED AT PREMISES CONTROLLED BY AT&T WIRELESS | Case No. 5:24mj65-MJF<br><br>**<u>Filed Under Seal</u>** |

**ATTACHMENT C**
**AFFIDAVIT IN SUPPORT OF**
**<u>AN APPLICATION FOR A SEARCH WARRANT</u>**

I, Scott T. Sikes, a Special Agent (SA) with Department of Homeland Security (DHS), Homeland Security Investigations (HSI), being duly sworn, hereby depose and state as follows:

**<u>INTRODUCTION AND AGENT BACKGROUND</u>**

1.      I make this affidavit in support of an application for a search warrant for information associated with a certain cellular telephone assigned call number (850) 387-6555, with International Mobile Subscriber Identity/Electronic Serial Number 310280057713926 ("the SUBJECT PHONE"), that is stored at premises controlled by AT&T Wireless, a wireless telephone service provider headquartered at 11760 U.S. Highway 1, Suite 300 North Palm Beach Florida, 33408. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require AT&T Wireless to disclose to the government copies of the information further described in Section I of Attachment B. Upon receipt of the information

FILED USDC FLND PN
JUN 28 '24 AM 7:43 

described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

2.     I, SA Scott T. Sikes, hereinafter, your Affiant, have been assigned to the HSI office in Panama City, Florida, since February 2017. I began my employment as an HSI SA in October 2010 assigned to HSI Del Rio, Texas. Prior to HSI, I was a Deportation Officer (DO) for DHS, Enforcement and Removal Operations (ERO) for four years. Prior to ERO, I was a Customs and Border Protection Officer (CBPO) for DHS Customs and Border Protection (CBP) for one year. While employed by HSI, I have been investigating child exploitation offenses since 2013. I have worked closely with other law enforcement officers and investigators who have engaged in numerous investigations involving the sexual exploitation of children. I completed related training facilitated by the HSI Cyber Crimes Center (C3) and the Federal Law Enforcement Training Center (FLETC). The training I received includes the areas of child pornography, child exploitation, and sex trafficking. I have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media, including computer media. My training through HSI C3 and FLETC has included advanced child exploitation investigation techniques, undercover chat techniques and legal issues for child exploitation cases, online ads pertaining to the enticement of children, basic forensic analysis techniques, victim identification techniques, and peer-to-peer file sharing of child pornography. I further state that I possess a working knowledge of BitTorrent file sharing technology. I am in routine contact with experts in the field of computers, computer forensics, and Internet investigations. I have written numerous affidavits in support of federal search warrants and complaints for cases involving the sexual exploitation of children.

3.     The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.     Based on the facts set forth in this affidavit, there is probable cause to believe that evidence, fruits, and instrumentalities of violations of Title 18, United States Code, Section 2252A have been committed by Matthew Allen **KITCHEN**.  There is also probable cause to search the information described in Attachment A for evidence of these crimes as further described in Attachment B.

## **PROBABLE CAUSE**

5.     Between on or about May 9, 2023, and on or about May 15, 2023, while conducting online undercover (UC) investigative activities, HSI Panama City received files containing child sexual abuse material (CSAM) from Internet Protocol (IP) address 173.23.35.106 utilizing a Peer-to-Peer (P2P) network. HSI conducted a query through the American Registry for Internet Numbers (ARIN) and was notified IP address 173.23.35.106 was registered to Mediacom Communications Corporation (Mediacom).  HSI Panama City served Mediacom a Summons for Records requesting subscriber information for IP address 173.23.35.106 for the dates and times in May 2023 when HSI Panama City received CSAM from IP address 173.32.35.106. Mediacom provided a return identifying the residence located at REDACTED Stauber Lane, Youngstown, Florida, 32466 as the location where IP address 173.23.35.106 was assigned during the time CSAM was distributed by a computer device connected to the internet via IP address 173.23.35.106. Mediacom also identified the subscriber to be Matthew Allen **KITCHEN** (SUBJECT).

3

6.     Again, on or about November 19, 2023, while conducting online UC investigative activities, HSI Panama City received files containing CSAM from IP address 173.23.35.106. HSI queried the ARIN and confirmed IP address 173.23.35.106 was still registered to Mediacom. HSI Panama City again served Mediacom a Summons for Records requesting subscriber information for IP address 173.23.35.106 for the dates and times in November 2023 when HSI Panama City received CSAM from IP address 173.32.35.106. Mediacom's returns identified the same Stauber Lane residence in Youngstown, Florida, as the location where IP address 173.23.35.106 was assigned during the time CSAM was distributed by a computer device connected to the internet via IP address 173.23.35.106. Mediacom again identified the subscriber to be SUBJECT **KITCHEN**.

7.     Between on or about February 1, 2024, and on or about February 7, 2024, while conducting online UC investigative activities, HSI Panama City once more received files containing CSAM from IP address 173.23.35.106. HSI queried the ARIN and was notified IP address 173.23.35.106 was still registered to Mediacom.  HSI Panama City served Mediacom with an additional Summons for Records requesting subscriber information for IP 173.23.35.106 for dates and times in February 2024 when HSI Panama City received CSAM from IP address 173.32.35.106. Mediacom's returns identified the same Stauber Lane address in Youngstown, Florida, 32466 as the location where IP address 173.23.35.106 was assigned during the time CSAM was distributed by a computer device connected to the internet via IP address 173.23.35.106. Mediacom once again identified the subscriber to be SUBJECT **KITCHEN**.

8.     On or about March 13, 2024, HSI Panama City executed a judicially authorized federal search and seizure warrant at REDACTED Stauber Lane, Youngstown Florida, 32466.

HSI Panama City seized multiple cell phone and other computer devices pending forensic analysis.

9.      An HSI Computer Forensic Analyst (CFA) subsequently conducted data extractions of the seized devices. Examination of the data extracted from the devices located user attribution on two cell phones linked to SUBJECT **KITCHEN**.

10.     Line Item 13: iPhone 12, an Apple, model A2172, International Mobile Equipment Identity (IMEI) 358259429594302, International Mobile Subscriber Identity (IMSI) 310280057713926 and containing iCloud account "matt_kitchen@icloud.com" was one such device (SUBJECT PHONE). The device is assigned cell phone number 1-850-387-6555 which, when the number is dialed, connects to a voicemail in the voice of SUBJECT **KITCHEN**, advising the caller he/she has reached "Matt Kitchen Freshwater Guide Service." Law enforcement database queries indicate that AT&T Wireless provides service for cell phone number 1-850-387-6555.

11.     On another seized device, Line Item 01: Hewlett Packard (HP) Desktop, Serial Number 2UA3440K18, the CFA located significant user attribution related to **KITCHEN** to include the account "matt_kitchen@icloud.com." Said device contained file names consistent with CSAM. Forensic analysis determined several of the CSAM file names found on the HP Desktop, in locations to include LNK files, the recycling bin, locally accessed files and folders, and file explorer history, matched the files names containing CSAM which HSI Panama City received via its UC activities discussed above from the computer device at IP address 173.23.35.106. The CFA determined that the files with the matching names on the HP desktop were accessed and/or deleted between on or about May of 2023 and on or about February of

5

2024. The files deleted on said dates could have only been deleted by directly accessing the desktop computer.

12.     HSI Panama City forensic analysis of the SUBJECT PHONE determined that SUBJECT **KITCHEN**'s cellular telephone appears to have been in the area of REDACTED Stauber Lane, Youngstown, Florida, 32466 on and around the dates HSI Panama City received CSAM from IP 173.23.35.106 as well as when the files appear to have been deleted from the HP desktop device. Thus, there is probable cause to believe that obtaining telephonic records for the SUBJECT PHONE for the associated timeframes will confirm KITCHEN was the user of the SUBJECT PHONE, and that he was likely at the location of the criminal activity when it was occurring. Based on my training and experience, it is common for individuals to regularly carry their cellular telephones with them during their day-to-day affairs and to and from travel.

13.     In my training and experience, I have learned that AT&T Wireless is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911

6

Phase II data or Global Positioning System ("GPS") data.  Nonetheless, this information can be significant in aiding law enforcement in determining the approximate location of a target during associated criminal activity.

14.    Based on my training and experience, I know that AT&T Wireless can collect cell-site data about the SUBJECT PHONE.  I also know that wireless providers such as AT&T Wireless typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes.

15.    Based on my training and experience, I know that wireless providers such as AT&T Wireless typically collect and retain information about their subscribers in their normal course of business.  This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service.  I also know that wireless providers such as AT&T Wireless typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business.  In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the SUBJECT PHONE's user or users, the user(s) location information, and may also assist in the identification of co-conspirators and/or victims.

## AUTHORIZATION REQUEST

16.    Based on the foregoing, I request that this Honorable Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

17.     I further request that the Court direct AT&T Wireless to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control.  Because the warrant will be served on AT&T Wireless, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

18.     I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court.  These documents discuss an ongoing criminal investigation, not all of which information is public nor known to the target(s) of the investigation.  Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation, including by giving targets an opportunity to destroy or tamper with evidence, change patterns of behavior, notify confederates, and flee from prosecution.

Respectfully submitted,

SCOTT T SIKES  Digitally signed by SCOTT T SIKES
Date: 2024.06.27 10:24:37 -05'00'

Scott T. Sikes, Special Agent
Department of Homeland Security
Homeland Security Investigations

Subscribed to and sworn before me telephonically on June 27th, 2024, and I find probable cause.

/s/ *Michael J. Frank*
MICHAEL J. FRANK
CHIEF UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

## Property to Be Searched

This warrant applies to records and information associated with the cellular telephone assigned call number **1-850-387-6555**, with International Mobile Subscriber Identity/Electronic Serial Number 310280057713926 ("the Account"), that are stored at premises controlled by AT&T Wireless ("the Provider"), headquartered at 11760 U.S. Highway 1, Suite 300 North Palm Beach, Florida, 33408.

## ATTACHMENT B

### Particular Things to be Seized

I.     **Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time periods: May 8, 2023, through May 16, 2023; November 18, 2023, through November 20, 2023; and February 1, 2024, through February 8, 2024:

    a.  The following information about the customers or subscribers of the Account:

        i.  Names (including subscriber names, usernames, and screen names);

        ii.  Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        iii.  Local and long-distance telephone connection records;

        iv.  Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        v.  Length of service (including start date) and types of service utilized;

        vi.  Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

1

vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

i. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

ii. information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received.

## II.    Information to be Seized by the Government

All information described above in Section I that constitutes evidence, fruits, contraband, and instrumentalities of violations of Title 18, United States Code, Section 2252A involving SUBJECT Matthew Allen **KITCHEN** during the periods: May 8, 2023, through May 16, 2023; November 18, 2023, through November 20, 2023; and February 1, 2024, through February 8, 2024.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

2